NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KHALILAH ALI, *Appellant.*

No. 1 CA-CR 16-0502
FILED 5-25-2017

Appeal from the Superior Court in Maricopa County
No.  CR2015-107640-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

J O H N S E N, Judge:

**¶1**          Khalilah Ali timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following her conviction of aggravated assault, a Class 5 felony; resisting arrest, a Class 6 felony; and driving on a suspended license, a Class 1 misdemeanor. Ali's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Ali was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Ali's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          As Ali drove home from Old Town Scottsdale in the early morning hours, a police officer stopped her for a broken headlight.[1] The officer discovered Ali's driver's license was suspended and called for backup. Once another officer arrived, the two officers sought to arrest Ali. On one officer's command, Ali stepped out of her vehicle and placed her hands behind her back. After an officer placed a handcuff around Ali's right wrist, Ali began to shift her body, flail her left arm and yell profanities as the officer tried to cuff her other wrist. Eventually the officer secured each wrist in handcuffs.

**¶3**          Once Ali was handcuffed, the backup officer tried to place her inside the patrol vehicle. Initially, the officer sat Ali on the back seat, but with one leg inside the vehicle and the other leg outside the vehicle, Ali kicked the officer in the mid-thigh with the heel of her shoe. At the same time, Ali directed a slew of profanities and racial obscenities toward the

---

[1]      Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Ali. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

officers. Officers finally placed Ali inside a "wrap" that allowed them to secure her in the patrol vehicle, then transported her to jail.[2]

¶4        A jury convicted Ali of aggravated assault under Arizona Revised Statutes ("A.R.S.") sections 13-1203 (2017) and -1204 (2017), resisting arrest under A.R.S. § 13-2508 (2017), and driving on a suspended license under A.R.S. § 28-3473(A) (2017).[3]  Upon sentencing, the superior court designated the resisting arrest conviction as a Class 1 misdemeanor. The court suspended imposition of sentence and imposed two concurrent terms of probation, the greater of which was two years, and one day of incarceration, with one day of credit for presentence incarceration.

¶5        Ali timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033 (2017).

## DISCUSSION

¶6        The record reflects Ali received a fair trial.  She was represented by counsel at all stages of the proceedings against her and was present at all critical stages.  The court held appropriate pretrial hearings.

¶7        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charged crimes, the State's burden of proof and the necessity of a unanimous verdict.  The jury returned a unanimous verdict, which was confirmed by juror polling.  The court received and considered a presentence report and imposed legal terms of probation for the crimes of which Ali was convicted.

## CONCLUSION

¶8        We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences.  *See Leon*, 104 Ariz. at 300.

---

[2]        Described as a "blanket with straps," a "wrap" is intended to restrict the movement of an individual's arms, legs and head.

[3]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

**¶9** Defense counsel's obligations pertaining to Ali's representation in this appeal have ended.  Counsel need do no more than inform Ali of the outcome of this appeal and her future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Ali has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* motion for reconsideration.  Ali has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA